UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION-CHICAGO

SUZANNE BROWNE-BUTLER individually and )
as Power of Attorney (POA)for her disabled sister )
MARGERY-BROWNE-BROOKS )
)
    Plaintiff, )   The Honorable Judge

  vs.

)   No.

MACQUERIE
SHAWN LYTLE )
PRESIDENT AND CEO MACQUERIE,
DELAWARE FUNDS BY MACQUERIE )

BANK OF AMERICA,
BRIAN T. MOYNIHAN )
CEO PRESIDENT BANK OF AMERICA

    Defendants.

## MOTION FOR TEMPORARY RESTRAINING ORDER EXPEDITED CONSIDERATION REQUESTED

  Plaintiff, SUZANNE BROWNE-BUTLER as Power of Attorney (POA) for disabled sister MARGERY-BROWNE-BROOKS, by counsel, Clarence Butler Jr., of The Law Offices of Clarence Butler Jr., hereby moves this court for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) compelling defendants, SHAWN LYTLE, PRESIDENT AND CEO, MACQUERIE, DELAWARE FUNDS BY MACQUERIE to release Margery-Browne-Brooks funds in their possession to Suzanne Browne-Butler and compel BRIAN T. MOYNIHAN, PRESIDENT AND CEO, BANK OF AMERICA to accept those funds pursuant

1

to their fiduciary duty and honor the duly executed Power of Attorney. Accordingly, Plaintiff Browne-Brooks hereby submits the following *Motion For Temporary Restraining Order Expedited Consideration Requested.*

## INTRODUCTION

This emergency motion is being initiated by Chicago, Illinois resident Suzanne Browne-Butler individually and as Power of Attorney (POA) on behalf of her disabled 80-year-old, African American sister, Margery-Browne-Brooks, afflicted with severe Alzheimer's Disease, being non-verbal and confined to a wheelchair, residing in a New Jersey nursing home (Exhibit 1). This case involves the discrimination and financial exploitation of elderly, disabled, African American 80-year-old Margery Browne-Brooks, afflicted with severe Alzheimer's Disease; against Defendant MacQuerie, Shawn Lytle, President and CEO of MacQuerie, a multi-billion dollar international financial company with a global workforce, doing business in Chicago. Defendant Bank of America, Brian T. Moynihan, President and CEO, Bank Of America a multi-billion dollar financial banking institution, operates and maintains offices doing business in Chicago, Illinois. MacQuerie and Bank of America have committed acts of discrimination against both Browne-Brooks and Browne-Butler based on the disability of Browne-Butler.

MacQuerie has wrongfully refused for the past 11 months to disburse, return and remit approximately $16,000 in investment account funds of Browne-Brooks, and Bank of American has wrongfully and discriminatorily failed to discriminatorily continue to honor Browne-Brooks duly executed valid Power of Attorney, thus interfering, obstructing and preventing disbursement of the $16,000 of Browne-Brooks funds based on her disability, in violation of the American Disability Act and Civil Rights Act *et al*, as well as their fiduciary duty to Browne-Brooks.

2

Consequently, Browne-Brooks files this action electronically on Sunday, February 24, 2024, 30 days after counsel sent via certified mail on January 24, 2024 correspondence to both defendants, after chronic 11 month ongoing dilatory and unresponsive tactics by defendants, continuing since the aforementioned unresponsiveness to the January 24, 2024 correspondence.

<u>JURISDICTION</u>

Chicago, Illinois resident Suzanne Browne-Butler files this emergency motion individually and as Power of Attorney (POA) on behalf of her disabled 80-year-old, African-American, Alzheimer's severely afflicted, non-verbal and wheelchair confined sister, Margery Browne-Brooks residing in a New Jersey nursing home (Exhibit 1). Defendant MacQuerie, Shawn Lytle, President and CEO, Delaware Funds By MacQuerie is a multi-billion dollar international financial company with a global workforce, using instrumentalities of interstate commerce doing business in Chicago, Illinois. Defendant Bank of America, Brian T. Moynihan, President And CEO, Bank Of America is a multi-billion dollar financial national banking institution, operating and maintaining offices doing business in Chicago, Illinois.

Both MacQuerie and Bank of America have discriminated against both Browne-Brooks and Browne-Butler having committed ongoing federal question jurisdiction violations of The Americans with Disabilities Act (ADA) Title II, III, IV and V, Amendments Act (ADAAA), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; 42 U.S.C. §1981; the Consumer Financial Protection Act, and seeks injunctive relief via a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 77.2 regarding Emergencies.

## STATEMENT OF THE CASE SUMMARY

Federal statutes and laws prohibit discrimination and financial exploitation of the elderly, disabled, women, and African Americans, such as 80-year-old, female, disabled, African-American Margery Browne-Brooks afflicted with severe Alzheimer's Disease, being non-verbal and confined to a wheelchair residing in a New Jersey nursing home (Exhibit 1). Defendants Shawn Lytle, President and CEO, Delaware Funds By MacQuerie and Brian T. Moynihan, President And CEO, Bank Of America have discriminated against Browne-Brooks based on her disability, as MacQuerie has wrongfully refused for the past 11 months to disburse, return and remit approximately $16,000 (Exhibit 2) in investment account funds of Browne-Brooks based on her disability, constituting conversion, in violation of the ADA and Civil Rights Act *et al*, as well as their fiduciary duty to Browne-Brooks.

The attached POA (Exhibit 3) was duly and validly executed on November 16, 2015 at the Hook Law Center, P.C. in Virginia Beach, VA and prepared by Andrew H. Hook, CELA, CFP, AEP, Attorney at Law and includes the witness seals and signatures thereto. On that date, Browne-Brooks also named Browne-Butler Trustee of her Revocable Trust, and appointed Browne-Butler her Health Care Representative. As her health care POA, Browne-Butler has been in constant contact with Browne-Brooks' nursing home administrative and medical staff, approving immunizations and monitoring, along with other essential and critical matters, her pharmacological therapies. Utilizing Browne-Brooks' POA, Browne-Butler has indefatigably administered the totality of administrative and personal responsibilities relative to Browne-Brooks, mobilizing, coordinating and directing family engagement, including but not limited to transactional matters, document production, compliance requirements and perennial, debilitating matters with the Internal Revenue Service and the Social Security Administration.

BOA has wrongfully refused to no longer honor Browne-Brooks previously honored and accepted Power of Attorney to facilitate and effectuate deposit of said MacQuerie funds to her long-term approximately10 year BOA account, discriminatorily refusing based on her disability created bank time consumption and liability risk inter alia in violation of the ADA *et al* and their fiduciary duty to Browne-Brooks. The discriminatory violations respectively of MacQuerie and BOA are in violation of discriminatory prohibition provisions of Titles II, III, IV and V, of the ADA, as their intentional conduct is knowingly frustrating, obstructing, interfering, jeopardizing and precluding indigent Browne-Brooks' access, application and eligibility to federal, state and local government Medicaid as well as Medicare derivative continued eligibility and other indigent disability government benefits service programs.

MacQuerie has repeatedly and wrongfully for an unreasonable period of time, approximately 11 months, refused to honor in bad faith, Browne-Brooks duly executed and valid POA (Exhibit 2), and refused to tender $16,000 (Exhibit 2) of her rightfully entitled and owned investment funds, despite 11 months of repeated requests. It is not disputed that these funds belong to Browne-Brooks and are returnable to her as she is the sole owner of said property. Browne-Brooks has been divorced for over 30 years, never remarrying, as her ex-husband is deceased and there are no claimants to said property, as her only child is afflicted with Multiple Sclerosis and is severely ill living overseas for the past 30 years. The Power of Attorney was duly executed by retired Browne-Brooks after a long career as a hospital administrator and a previous brief tenure as a school teacher, in preparation of feared, genetic inherited predisposition to Alzheimer's based on family history, involving Browne-Brooks father.

Browne-Brooks possesses a Masters Degree and designated her younger sister as her POA, given her sister Browne-Butler possesses a Masters Degree from Yale University and a Law

5

Degree from Howard University. Browne-Butler is a retired healthcare administrator. Browne-Brooks and Browne-Butlers' deceased parents were married approximately 60 years and had no other children and no other marriages. Browne-Brooks selected Browne-Butler as her POA based on her love, devotion, trust and confidence in her ability to adeptly manage her affairs and executed her wishes based on her educational accomplishments, attainment and work experience.

Browne-Brooks was emphatically dedicated and committed to her sister's appointment as POA, by the adeptness demonstrated during their joint handling of their deceased father's affairs, who debilitatingly succumbed to a long battle with Alzheimer's. Consequently, after witnessing the decline and devastating impact of Alzheimer's on her retired school principal father, and family members, Browne-Brooks prepared for the possible genetic predisposition of being afflicted with this disease. Accordingly, Browne-Brooks designated and manifested via the POA, that her affairs be executed and managed by Browne-Butler in accordance with her autonomous judgment, not to be arbitrarily and capriciously unilaterally usurped, supplanted, superseded and disregarded by the wrongful discriminatory actions of MacQuerie and BOA.

It is also not disputed that the refusal of MacQuerie with the duplicity, acquiescence, ratification and intentional discriminatory conduct of BOA, in wrongfully refusing to honor the POA and their fiduciary duties in not returning the $16,000 property, usurps the intent of Browne-Brooks. More importantly, the usurpation and wrongful discrimination of MacQuerie and Bank of America subjects Browne-Brooks to present irreparable harm, as she is subject to imminent eviction from her nursing home residency due to arrearages attributable to MacQuerie's refusal to release and disburse the funds as demanded, to either Browne-Butler, her BOA accounts, or her counsel, The Law Offices of Clarence Butler Jr..

   The nursing home arrearage continues to accumulate due to these bad faith, dilatory maneuvers, as does the time to process indigent program applications due to the wrongful discriminatory conduct of MacQuerie and BOA. Browne-Brooks incurs an exorbitant monthly nursing home charge of approximately $10,000 per month, (Exhibit 4) that she has been paying since May 2021, as Browne-Brooks is now indigent after having expended, depleted and exhausted all of her assets over the past 33 months. (33 months @ approximately $10,000 per month =$330,000.) Consequently, Brown-Brooks is essentially bankrupt save the $16,000 MacQuerie and BOA have made impossible for her to obtain during the past 11months.

  Thus, if MacQuerie pursuant to their fiduciary and contractual duty, released the wrongfully held Browne-Brooks funds, and BOA honored the POA as well as their contractual and fiduciary duty in removing barriers to prevent transfer of those funds, thereby facilitating acceptance of deposits, the irreparable harm would be at least mitigated. Furthermore, Browne-Brooks' pending and stalled Medicaid application and derivative Medicare continued eligibility would not be jeopardized. Browne-Brooks has prerequisitely depleted and exhausted all of her assets and is essentially bankrupt after making timely nursing home payment since her 2021 confinement. However, because Browne-Brooks has $16,000 in funds being wrongfully held by MacQuerie, Medicaid and other state government indigent programs will not process her application or recognize her indigency. Hence, Medicaid et.al will not process or advance her application as long as she is deemed to have $16,000 in investment fund assets, that MacQuerie is wrongfully keeping and both MacQuerie and Bank of America have rendered impossible for her to access or retrieve.

  Thus, Browne-Butler cannot continue to bear and endure the emotional distress and financial hardship to expend personal funds to address, financial, medical and legal needs that MacQuerie

and BOA have wrongfully caused to occur and continue. The wrongful discriminatory conduct of both MacQuerie and Bank of America are facilitating Browne-Brooks' knowingly consequential eviction. Irreparable harm is being caused and will continue to be caused by imminent eviction, as well as the escalation of emotional distress and exponentially increased financial hardship caused to both Browne-Brooks and her sister and POABrowne- Butler individually and as POA.

MacQuerie and BOA have caused financial burdens in having to address the breach caused by their discriminatory conduct in violation of the ADA, the Civil Rights Act and its progeny. Specifically, the irreparable harm not only will result in her eviction, but the loss of her advantageous nursing home residency. The irreparable harm will directly cause a foreseeable adverse grave consequence to Browne-Brooks' precarious present health situation (especially in a Covid environment) and will compromise her ability to seek alternative nursing home residency through any type of government services indigent eligibility programs.

This MacQuerie and BOA caused quagmire presents a *Catch-22*, wherein Browne-Brooks is going to be evicted because she does not have the funds to make the nursing home payment, and MacQuerie and BOA wrongfully will not release the $16,000 and honor the Power of Attorney in order to make the nursing home payment. Based on Brown Brooks long-term residency at the nursing home and the exhaustion of all of her assets, she may be eligible for Medicaid assistance in order to remain in the nursing home. However, Medicaid won't consider her eligibility because she has $16,000 in fund that MacQuerie and Bank of America has rendered impossible for her to access or retrieve. A prerequisite for nursing home indigent consideration is completion of the Medicaid application process and state residency requirements. In the event Browne-Brooks is evicted her lack of ambulation, wheelchair confinement, Alzheimer's and associated age

8

comorbidities would make interstate travel to Chicago not only life threatening, but logistically inaccessible, impracticable and financially stratospheric.

Thus, the irreparable harm caused by this 11 month odyssey, could have all been avoided by simply tendering the payment electronically, a process that would not have taken longer than an hour. Furthermore, BOA having complete knowledge of the totality of circumstances and consequential impact has wrongfully refused to honor the Power of Attorney based on Browne-Brook's disability, despite the fact that they have recognized the validity of the POA and acted in accordance thereof in the past. In violation of the ADA, now BOA has wrongfully and discriminatorily refused to provide and perform account holder functions, duties, services, and facilitate acceptance of any deposit by MacQuerie such as refusing to issue a routine medallion or give recognition to the validity of the POA. BOA has refused to cooperate with Browne-Butler advising her that Browne-Brooks' disability presents BOA time consumption problems. and liability concerns.

BOA management has advised and informed Browne-Butler that the disability of Browne-Brooks and her POA presents too much risk and potential liability for BOA relative to both Browne-Brooks and Browne-Butler in both her individual and POA capacity and ceased communication with Browne-Butler and her counsel. Neither MacQuerie or BOA submitted a response or any communication to counsel's 16 page January 23, 2024 certified letters directed to Bank of America and MacqQuerie. (Exhibit 4A) In addition BOA also did not respond to counsel email transmission of the same letter.

In further violation of the ADA, Browne-Butler placed innumerable telephone calls to BOA and made numerous in-person visit to BOA facilities and has essentially been given an

9

orchestrated *run around*. During the last January 9, 2024 in-person scheduled visit after several cancellations and rescheduling, Browne-Butler was compelled to travel during an anticipated snowstorm to the BOA facility whereupon after arriving at the scheduled time, necessary personnel were not present to address the issue. Brown-Butler was informed and advised that the BOA legal department advised that there was too much legal risk and time associated with both the accounts and that the POA would no longer be honored and that no documents or assistance would be provided relative to either Browne-Brooks or Browne-Butler in either her individual or POA capacity. BOA refused Browne-Butler request for the names and contact information of those individuals responsible for making the decision. Upon exiting the BOA facility, Browne-Butler took the attached date and time stamped cellphone photograph documenting her presence at the branch office. (Exhibit 5)

Unfortunately, consistent with the contentions made by Browne-Butler, counsel never received a response to the certified mailed BOA signed green card receipt. (Exhibit 6) Counsel mailed a January 23, 2024 16 page certified letter including legal memorandum and notice of pending Re: Via Certified Mail CEO Lytle, #7021 0950 0000 5309 6553,Via Certified Mail CEO Moynihan #70210950000053117722, Email: brian.t.moynihan@boa.com (Exhibit 6A, 6B) Thus, neither MacQuerie or BOA responded and neither are communicating with counsel and the irreparable harm to Browne-Brooke and Browne-Butler both continue individually and in her capacity as POA foreseeably and consequentially causing exponentially more limited financial resources to be expended a as a result of the wrongful and discriminatory conduct of both MacQuerie and BOA in terminating communications, access to government services, commercial facilities and thus preventing access to benefits in violation of the Americans with Disabilities Act (ADA)

(ADAA) Titles II, III, VI, and V, as well as Title VII of the Civil Rights Act and fiduciary duties to Browne-Brooks and Browne- Butler.

## STATEMENT OF FACTS

*Summary Factual Chronology Recitation of Designated POA Suzanne Browne-Butler*

**2015**: I accompanied Margery to BOA in Hampton, Virginia and assisted her in opening a trust account where she had also previously maintained a checking account. The trust account was opened with $10.00 in cash and subsequently, the proceeds (in the amount of approximately $40,000.00) from her share of the sale of our family home in Virginia were deposited in the trust account.

**November 16, 2015:** The attached POA was executed on November 16, 2015 at the Hook Law Center, P.C. in Virginia Beach, VA and prepared by Andrew H. Hook, CELA, CFP, AEP, Attorney at Law and includes the witness seals and signatures thereto. On that date, Ms. Brooks also named me Trustee of her Revocable Trust, and appointed me her Health Care Representative. As her health care POA, I've been in frequent contact with Ms. Brooks' nursing home administrative and medical staff, approving immunizations and monitoring, along with other things, her pharmacological therapies. Utilizing her POA, I have permanently excluded her from jury duty in the State of New Jersey, transacted important matters with the Internal Revenue Service and the Social Security Administration.

**May 2016**: I began the process for registering the POA with BOA at the Hyde Park branch at 1439 East 53rd St. There, I met with BOA staffer Chenelle Eldridge, Relationship Banker and others to file Margery Brooks' POA but apparently it was not completed according to a later BOA bank visit with Juan Rangel who worked at the branch located at 1167 N. State Street.

**2016 – 2021**, I frequently accompanied my sister to the BOA located at 227 Ridgewood Ave., Glen Ridge, NJ where I experienced extremely professional service in matters regarding her accounts.

**May 2021**, I attempted to register the POA at the BOA branch located at 1439 – E. 53rd St., and I later was told there that POAs are not kept in customer files. However, on May 12, 2023, I was finally successful in registering the POA at the BOA located at 1167 N. State St., Chicago, IL 60610 after having visited BOA Chicago branches at E. 53rd St. and at 430 W. Roosevelt Rd., Chicago, IL.

**May 3, 2023**: I met with Mr. Rangel at BOA, 1167 N. State Street and explained that I was my sister's POA and was working with her attorney on her time-sensitive Medicaid application to qualify for assistance with nursing home expenses and I needed copies of certain checking and trust account statements and also, I needed to complete the process for integrating her POA in

11

her BOA account file. He provided me with the copies of her banking statements and began the POA registration process and said that I would need to return for an appointment to finalize the POA. During our discussion, I explained that in 2015, I accompanied Margery to BOA in Hampton, Virginia and assisted her in opening a trust account where she had also previously maintained a checking account. The trust account was opened with $10.00 in cash and subsequently, the proceeds (in the amount of approximately $40,000.00) from her share of the sale of our family home in Virginia were deposited in the trust account.

**May 12, 2023**: Again, I met with Mr. Rangel at BOA to complete the process for formalizing the POA with BOA which was achieved. We also discussed a matter involving Margery's mutual fund through Delaware Funds by MacQuerie. In order for me to request that the funds from that account be wired to her BOA checking account, there was a request by MacQuerie for a Medallion Signature from BOA that would verify me as the POA and would authorize me to make changes on Marge's mutual fund account. I shared with Mr. Rangel that MacQuerie does not accept a notarization by a notary. He said that BOA could not do this without a recent MacQuerie bank statement. I had a Jan. 1, 2020 MacQuerie account statement which he said was too old. I did not have a current statement because I needed the Medallion to be able to conduct business (telephonically and digitally) on the mutual fund account.

**August 2023**: I returned to the State Street BOA and spoke with Ms. Kenyatta Lott, Relationship Banker, regarding the process for issuance of a Medallion as Mr. Rangel was not in the office that day. She said that BOA would not consider my request without a recent statement.

**October 25, 2023**, Mr. Rangel assisted me by issuing a cashier's check listing me as the remitter from my sister's trust account in the amount of $4,870.00 that was paid to New Jersey Prepaid Funeral Trust in payment for my sister's funeral expense and BOA did not mention concerns about the authenticity of my POA at that time. I left the BOA office but returned with additional questions and was told by Tierra Milton, Marketing Manager, that Mr. Rangel had left for the day. I was assured that everything was in order and that there would be no problems relative to the POA or any of the accounts manifested by the $4870 that was paid to New Jersey via the trust account listing me as the remitter.(Exhibit 7)

**January 8, 2024**: I delivered a copy of a Sept. 2023 MacQuerie statement to Mr. Rangel which he then transmitted to BOA's legal team along with the MacQuerie forms requesting the Medallion Signature Guarantee. I waited for about an hour, and while Mr. Rangel met with other customers, he asked Jonathan Parker, Financial Center Manager to assist me and keep me informed. Once the decision was communicated to their branch, Mr. Parker, who was extremely helpful providing me with updates while the legal team was deliberating, told me that their legal team denied the request for the Medallion due to risk and liability. I told him and Mr. Rangel that BOA had relied on my POA and validated my signature when on October 25, 2023, Mr. Rangel assisted me by issuing a cashier's check listing me as the remitter in the amount of $4,870.00 that was paid to New Jersey Prepaid Funeral Trust in payment for my sister's funeral expense and that BOA did not mention concerns about the authenticity of my POA at that time. I left the

BOA office but returned with additional questions and was told by Tierra Milton, Marketing Manager, that Mr. Rangel had left for the day.

**January 9, 2024:** During the last January 9, 2024 in-person scheduled visit after several cancellations and rescheduling, Browne-Butler was compelled to travel during an anticipated snowstorm to the BOA facility whereupon after arriving at the scheduled time, necessary personnel were not present to address the issue. Brown-Butler was informed and advised that the BOA legal department advised that there was too much legal risk and time associated with both the accounts and that the POA would no longer be honored and that no documents or assistance would be provided relative to either Browne-Brooks or Browne-Butler in either her individual or POA capacity. BOA refused Browne-Butler request for the names and contact information of those individuals responsible for making the decision. Upon exiting the BOA facility, Browne-Butler took the attached date and time stamped cellphone photograph documenting her presence at the branch office. (Exhibit 5)

**January 23, 2024:** BOA management has advised and informed Browne-Butler that the disability of Browne-Brooks and her POA presents too much risk and potential liability for BOA relative to both Browne-Brooks and Browne-Butler in both her individual and POA capacity and ceased communication with Browne-Butler and her counsel. Counsel mailed a January 23, 2024 16 page certified letter including legal memorandum and notice via Certified Mail CEO Lytle, #7021 0950 0000 5309 6553,Via Certified Mail CEO Moynihan #70210950000053117722, Email: brian.t.moynihan@boa.com The last page and last paragraph of the letter provided notice warning of Browne-Brooks due to dire circumstances seeking injunctive relief. It reads as follows: *"It is in the best interest of Delaware Fund MacQuerie to promptly rectify this situation before it inflates to legal action, including **exigent injunctive relief** which would not only tarnish the company's reputation but also incur unnecessary litigation costs."*

**February 24, 2024**: Unfortunately, consistent with the contentions made by Browne-Butler, counsel after waiting 30 days never received a response to the certified mailed BOA signed green card receipt. (Exhibit 6) Thus, neither MacQuerie or BOA are communicating with counsel and the irreparable harm to Browne-Brooke and Browne-Butler in her capacity as POA foreseeably and consequentially causing exponentially more limited financial resources to be expended as a result of the wrongful and discriminatory conduct of both MacQuerie and BOA in terminating communications, access to government services, commercial facilities and thus preventing access to benefits in violation of the Americans with Disabilities Act (ADA) (ADAA) Titles II, III, VI, and V, as well as Title VII of the Civil Rights Act and fiduciary duties to Browne-Brooks and Browne- Butler.

**February 26, 2024:**

On Feb. 26, 2024 @ 10:29 AM CST, the Law Offices of Clarence Butler, Jr. called Delaware Funds by MacQuarie Fund" seeking contact information for the company's legal department in order to email them certain TRO documents. Staff called 800-523-1918 and spoke with Ms. Greenberg, emphasizing the urgency of this matter and the fact that the firm has tried unsuccessfully for the past 10 days to identify the MacQuarie legal dept contact info. Mr. Butler's staff also identified herself as calling from the Law Offices of Clarence Butler, Jr. Ms. Greenberg stated the following:

13

"The legal staff does not provide email addresses for the general public or for the Fund's shareholders' use. You can only send the Legal Department TRO documents via mail or Fax to Fax no. 844-588-6489 with instructions "ATTN: Legal Department.""

On January 8, 2024, following the BOA Legal Department's denial of recognizing Browne-Brooks' Power of Attorney, Browne-Butler while meeting with the BOA staff at 1167 N. State St. Chicago, specifically requested their Legal Department's contact information from both Juan Rangel and Jonathan Parker. Their response was that BOA does not share counsel's email contact. Thus On February 26, 2024 in addition to unsuccessful telephone calls placed during the past 10 days, counsel emailed Juan Rangel again, requesting the Legal Department's email address so that certain TRO documents could be sent to them and was again denied. Counsel was provided the attached Exhibit 8 general contact information.

Exhibit 8

From: Rangel, Juan <jrangel8@bofa.com>
Sent: Monday, February 26, 2024 11:00 AM
To: cbutlerlaw@comcast.net
Subject: Reply

Dear Clarence,

Hello! just reached out and was told that we do not have an email to reach out to them you can either mail documents to Bank of America, N.A. Legal Order & Case Resolution Operations (LOCRO); 800 Samoset Drive; Newark, De 19714. Or fax them to (617) 310-2751. If you bring them into us we can fax them as well.

If you have any questions, please give me a call and I'll be happy to help. If you prefer, you can pick a time to meet through our secure online scheduling tool.

Thanks for being a valued Bank of America client.

Pick a time to meet

Juan Rangel
Senior Banker
State And Division
1167 N State St
Chicago, Il 60610-2722
(312) 274 5689
jrangel8@bofa.com

_____

Accordingly, counsel transmitted the documents via e-mail expeditiously to BOA Senior Banker Rangel in order to facilitate the documents being faxed to the appropriate BOA representative. Thus counsel filed this Motion For Temporary Restraining Order.

Notwithstanding plaintiff's notification prior to the filing of this action defendants have been non-responsive.

1. Plaintiff's counsel has attempted to contact defendants' counsel as delineated above.

2. Plaintiff's counsel has not yet been able to effect service of the Summons and Motion in this matter.

ESSENTIAL ELEMENTAL FACTORS

3. A temporary restraining order is appropriate in that:

Federal Rule of Civil Procedure 65(b)

In order to obtain a temporary restraining order under Federal Rule of Civil Procedure 65(b) in the Northern District of Illinois, a party must generally show: (1) a likelihood of success on the merits; (2) no adequate remedy at law; (3) irreparable harm if the TRO is not issued; and (4) that the injunction will not harm the public interest. If the party seeks a TRO without notice to the opposing party, they must also show that irreparable injury will result before the opposing party can be heard, and certify in writing any efforts made to give notice. A TRO cannot exceed 14 days, but the court may extend it for good cause.

A.

*Browne-Butler As Power Of Attorney (POA) For Her Disabled Sister-Browne-Brooks, Is* **Likely To Succeed On The Merits** *Of Her Claim, As It Is Not Disputed By MacQuerie That Browne-Brooks Is The Lawful Owner Of The Funds And That The Power Of Attorney Has Been Acknowledged As Valid And Duty Executed By Bank of America*

Plaintiff is likely to succeed on the merits of her claim. Suzanne Browne-Butler has POA for her sister, Margery Browne Brooks, who maintains both a checking and a trust account at Bank of America (BOA). Browne-Brooks has been a BOA customer for nearly a decade or more and

15

has entrusted BOA with her banking needs at BOA locations in Hampton, Virginia; Glen Ridge, New Jersey and Chicago, Illinois (via Browne-Butler's POA appointment).

The attached POA was executed on November 16, 2015 at the Hook Law Center, P.C. in Virginia Beach, VA and prepared by Andrew H. Hook, CELA, CFP, AEP, Attorney at Law and includes the witness seals and signatures thereto, as previously relied upon and honored by BOA, in issuing the cashiers check. BOA only now attempts to dishonor the POA based on discriminatory reasons in violation of the Americans With Disabilities Act and Civil Rights Act. Bank of America refused to honor the POA because they view individuals with disabilities as time consumption inconveniences that may cause liability concerns due to their disability.

MacQuerie has repeatedly ignored, obfuscated, engaged in dilatory tactics, allegedly lost documents or denied the receipt of documents mailed and refused to tender Browne-Brooks funds despited repeated request for at least approximately 11 months since April 2023 notwithstanding her her exigent circumstances.

B.

*Browne-Butler As Power Of Attorney (POA) For Her Disabled Sister Browne-Brooks Will Be Irreparably Injured In That She Will Lose Her Nursing Home Residency And Be Subjected To Life Threatening Medical Consequences Without Proper Adjudication*

LR 77.2 Emergencies; Emergency Judges

(a) Definitions. For the purpose of these rules—

(3) "Emergency matter" means a matter of such a nature that the delay in hearing it that would result from its being treated as any other matter would cause serious and irreparable harm to one or more of the parties to the proceeding if requests for continuances or leave to file briefs or interrogatories in excess of the limits prescribed by these rules will normally be entertained as emergency matters only during the summer sessions, and

A. Unless defendants' conduct is enjoined and plaintiff granted her requested relief, plaintiff will be irreparably injured in that she will lose her nursing home residency and harmfully further delay her Medicaid application and eligibility without proper adjudication of her claims

C.

*Browne-Butler As Power Of Attorney (POA) For Her Disabled Sister Browne-Brooks  **Does Not Have An Adequate Remedy At Law** In That She Will Her Nursing Home Residency And Be Subjected To Life Threatening  Medical Consequences Without Proper Judicial  Adjudication*

Browne-Brooks  as reference above and incorporated herein will be subject to life-threatening medical harm that  is not subject to restoration by an adequate remedy at law/

D.

*Browne-Butler As Power Of Attorney (POA) For Her Disabled Sister Browne-Brooks In **Balancing The Harm** Will Suffer Irreparable Medical And Financial Harm, Absent Injunctive Relief, Outweighs The Non-Existent Harm To Non-Movants MacQuerie And BAO, As They Will Not Suffer One Iota If The Injunction Is Granted  And Browne-Brooks  Will Be Evicted From Her Nursing Home Residency And Be Subjected To Life Threatening  Medical Consequences*

Browne-Brooks will suffer irreparable medical and financial harm, which absent injunctive relief, outweighs the non-existent harm to non-movants MacQuerie and BAO, as they will  not suffer one iota if the injunction is granted;

*Browne-Butler As Power Of Attorney (POA) For Her Disabled Sister Browne-Brooks, Effectuates Serving The **Public Interest** In  Honoring The Valid Power Of Attorney And Returning Her Lawfully Entitled Funds Wrongfully Converted, Allowing And Facilitating Browne-Brooks To Remain In Her Nursing Home Residency, Preventing Her From Being Evicted Subjected To Life Threatening  Medical Consequences Without Judicial  Adjudication*

The public interest will be served by allowing plaintiff to remain in her nursing home preventing her eviction thereby subjecting her to from potentially life threatening medical consequences.

Because payment is due and scheduled for March 1, 2024, there is not sufficient time to effect service of this motion on Defendants or schedule a hearing prior thereto. However this situation could be remedied by allowing the defendants to appear via Zoom.

The bond requirements of Federal Rule of Civil Procedure 65(c) should be waived because of plaintiff's essential indigency and disability.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue a Temporary Restraining Order compelling the Defendant MacQuerie to release said $16,000 in funds, including the payment scheduled for Friday, March 1, 2024, and for such other relief as this Court deems just and equitable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Suzanne Browne-Butler As Power Of Attorney (POA) For Her Disabled Sister Margery-Browne-Brooks prays that this Court:

   A.     Enter judgment in favor of plaintiff and against the Defendant ordering $$
   B.     pecuniary damages including, health care cost and benefits associated with $$.
   C.     An order mandating the Defendants to $

D.	An order mandating Defendants to pay plaintiff compensatory and consequential damages, including additional contributions she would have earned and interest;

E.	An award to Plaintiff for all her costs and reasonable attorneys' fees;

F.	Such other relief as the Court deems appropriate, equitable and just including interest from the date of their wrongful refusal to tender her requested tender of funds from the date of the Motion.

Respectfully submitted,

*s/Clarence Butler, Jr.*

The Law Office of Clarence Butler Jr.
155 North Wacker Drive Suite 4250
Chicago, Illinois 60606
Office (312) 803-5827

The Law Offices of Clarence Butler Jr.
77 West Wacker Drive Suite 4500
Chicago, Illinois 60601
Office (312) 216-5102